# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:23-CV-00053-KDB

| | |
|---|---|
| MICHAEL WOODARD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiff Michael Woodard's Complaint (Doc. No. 1) and the Parties' briefs (Doc. Nos. 9, 11). Woodard seeks judicial review of an unfavorable administrative decision denying his applications for disability benefits under the Social Security Act. More specifically, he seeks a remand for further consideration of his maximum RFC and a proper function-by-function evaluation of the contested functions that he contends make him disabled. Having reviewed and considered the parties' briefs and exhibits, the administrative record and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to reconsider his decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

1

## I. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[1] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this

---

[1] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean."' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

2

Court does not review a final decision of the Commissioner *de novo, Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry*, 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id*. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed.

3

## II. FACTS AND PROCEDURAL HISTORY

Mr. Woodard applied for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on September 14, 2020, with an alleged onset date of April 15, 2019. *See* AR 10, 12, 211-23. His application was denied on its first review and then again upon reconsideration. *See* AR 60-91, 96-113. On May 28, 2021, Mr. Woodard requested a hearing before an ALJ, which was held on May 25, 2022 before ALJ LaRonna Harris. *See* AR 31-59, 137-38. The ALJ returned an unfavorable decision on September 23, 2022. *See* AR 10-20. The Appeals Council denied Mr. Woodard's request for review and thus the ALJ's decision is the final decision of the Commissioner. Plaintiff timely sought judicial review of that decision under 42 U.S.C. § 405(g). Doc. No. 1.

In her decision, the ALJ followed the required five-step sequential evaluation process established by the SSA to determine whether Mr. Woodard was disabled under the law during the relevant period.[2] At step one, ALJ determined that Plaintiff had not engaged in substantial activity since April 15, 2019. AR 12. At step two, the ALJ determined that Mr. Woodard had medically determinable impairments that significantly limit his ability to perform basic work activities. These impairments included "degenerative disc disease, osteoarthrosis, and chronic pulmonary

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but at step five the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

insufficiency (COPD). *Id*. The ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or medically equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. S*ee* AR 13.

Before proceeding to step four, the ALJ found that Mr. Woodard had the following residual function capacity ("RFC"):

> … the undersigned finds that the claimant has the residual functional capacity to perform medium work, as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c) with the following exceptions: He can frequently climb ramps or stairs. He can occasionally climb ladders, ropes, or scaffolds. He can frequently balance. He can occasionally stoop. He can frequently kneel, crouch, or crawl. He must avoid concentrated exposure to extreme heat, humidity, or hazards. He must avoid concentrated exposure to fumes, odors, dust, gases, and areas with poor ventilation.

AR 14.

The ALJ found at step four that Plaintiff was able to perform his past relevant work of as a dump truck driver, relying on the testimony of the vocational expert who testified at Mr. Woodard's hearing. AR 18. Further, the ALJ alternatively found that Plaintiff could perform other jobs that existed in significant numbers in the national economy, including "day worker" and "hand packager." *See* AR 18-19. Accordingly, the ALJ concluded that Mr. Woodard has not been under a disability as defined in the Social Security Act from April 15, 2019 through the date of her decision. AR 19.

### III. DISCUSSION

In support of his appeal, Plaintiff argues the ALJ erred in her decision by failing to perform a proper function-by-function evaluation of Plaintiff's ability to sit, stand and walk when formulating his RFC, primarily relying on *Dowling v. Comm'r of Soc. Sec*., 986 F. 3d 377 (4th Cir. 2021). While the Court does not fully accept Plaintiff's arguments concerning the application of

*Dowling*, the Court finds that its teaching regarding the importance of an ALJ clearly discussing how a claimant can perform the contested functions inherent in his RFC counsels in favor of a remand of this matter. However, to be clear, the Court does not suggest by this remand whether Plaintiff should ultimately be found to have been disabled during any portion of the relevant period.[3]

In *Dowling*, the Fourth Circuit reversed the District Court's order affirming the decision of the ALJ and ordered the case to be remanded to the Commissioner for further consideration because it found several errors in the ALJ's decision. With respect to assessing the claimant's RFC, the court found that the ALJ had relied on an incorrect regulatory framework because he failed to cite to 20 C.F.R. § 416.945 or SSR 96-8p when evaluating the RFC, thereby rendering the ALJ's reliance on SSRs 96-7p and 16-3p erroneous.[4] *Dowling*, 986 F.3d at 387. More relevant here, the Fourth Circuit also found that the ALJ failed to discuss relevant and contested functions related to Dowling's ability to work when determining the RFC where there was considerable evidence demonstrating symptoms and limitations affecting the omitted functions. *Id.* at 387–89 (ALJ failed to discuss the functional limitation of prolonged sitting when claimant suffered from anal fissures). Still, even in ordering a remand, the *Dowling* court acknowledged there is no *per se* rule requiring remand any time the function-by-function analysis is deficient or even absent altogether. *Id.* at 387; *Davis v. Comm'r of Soc. Sec.*, No. 3:20-CV-00339-RJC, 2022 WL 680211, at *4 (W.D.N.C. Mar. 7, 2022).

---

[3] For example, the ALJ noted that although Mr. Woodard claims that he was disabled as of April 15, 2019, his last day of employment, he did not seek medical treatment until December 2020. AR 15.

[4] This error is not at issue here. The ALJ properly referenced and relied on 20 C.F.R. § 416.945 and SSR 96-8p. AR 12.

6

There is no dispute that the ALJ did not engage is a function-by-function analysis of all the functions which underlie her conclusion that Mr. Woodard could perform "medium work" as defined by the SSA regulations, including his ability to "stand and/or walk" and "sit" for six hours in an eight hour workday with normal breaks. Nevertheless, the Commissioner asks the Court to uphold the ALJ's decision based on the absence of an obligation to perform an explicit function-by-function analysis, *see Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015), and the contention that the ALJ has "sufficiently explain[ed] his conclusions" and "use[d] evidence from the record to explain" the RFC finding. *Ladda v. Berryhill*, 749 F. App'x 166, 172-73 (4th Cir. 2018) (affirming the ALJ's decision, which did not use a "function-by function approach" for each limitation, when the ALJ "used evidence from the record" and "explained the relative weight he assigned to the statements made by [the claimant], [his] treating physician, and the state agency medical consultants").

While the Court agrees that the ALJ indirectly explained Mr. Woodard's RFC as it related to standing/walking/sitting – by referencing the medical opinions and prior administrative medical findings with respect to those functions which she found persuasive – the Court cannot conclude that the ALJ sufficiently assessed his "capacity to perform a relevant function, despite contradictory evidence in the record." *Id*; *see Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (finding that although the ALJ summarized evidence that he found credible, useful, and consistent that he had not explained how he concluded that the plaintiff could perform the tasks required by "medium work"). At his hearing, Mr. Woodard presented testimony and evidence asserting that he could not perform the full postural demands of sitting, standing and walking required of the medium exertional level. Specifically, he testified that he can only sit comfortably for 30-45

7

minutes and then he needs to move a bit. *See* AR 45. He can stand in one place for about 30 minutes if he is leaning against something, but otherwise he can only stand for 15 or 20 minutes. *See id*. Also, he testified that he can only walk 100 feet at one time and that he drives the 500 feet from his camper to his uncle's house because it would otherwise take him hours to walk that distance (because of the need to stop frequently). *See* AR 45-46.[5]

The ALJ did not discuss (or even mention) this testimony or any other evidence related to these functions in his decision, even though he otherwise summarized Mr. Woodard's complaints. AR 14-15. Yet, careful consideration of this evidence could (but need not necessarily) have made a material difference in Plaintiff's RFC. Indeed, the calculation of frequency of position change (much like the calculation of time off task) can be outcome determinative. *See, e.g., Holland v. Comm'r of Soc. Sec. Admin.*, No. 17-1874-ADC, 2018 WL 1970745, at *10 (D. Md. Apr. 25, 2018). For example, at Mr. Woodard's hearing, the vocational expert testified that he could not perform his past relevant work with a 30-minute sit/stand option and that the only medium job she could identify would have an incidence of only 4,000 nationally. *See* AR 56. Additionally, the expert testified that a limitation to standing for four hours would eliminate all light and medium jobs. *See* AR 58. Therefore, to satisfy *Dowling* the ALJ needed to address more directly Plaintiff's

---

[5] With respect to pain, Mr. Woodard testified that most of the time, his pain is greater than a "five" out of "ten" and that it seldom goes below a "two" or "three." *See* AR 38-39. His left foot goes numb and pain shoots down his left leg, and he can feel this more acutely when he turns a certain way. *See* AR 40. Mr. Woodard further stated that his lumbar injections have helped his back pain and take it down to a "two" or "three" but that they only last for about three or four weeks and he can only get four a year. *See* AR 38-39. Unlike the ability to stand, walk and sit, the ALJ addressed Plaintiff's pain in detail. *See* AR 14-18.

8

evidence as to his functional limitations and this matter must be remanded for further consideration.[6]

Again, in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Mr. Woodard's reconsidered application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

---

[6] Again, the Court acknowledges the ALJ's reference to the medical opinions and findings he found persuasive, which included an opinion that Mr. Woodard was capable of standing/walking and sitting for up to six out of eight hours with normal breaks. However, there is little or no specific discussion in those medical reports as to how the authors came to their conclusions with respect to those functions. And, Mr. Woodard's hearing testimony came over a year after the last medical opinion on which the ALJ relied so it should have been separately noted and considered.

9

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

The Commissioner's decision denying Plaintiff's application for disability and other benefits is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 4, 2024

Kenneth D. Bell
United States District Judge